UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20726-CIV-UNGARO/OSULLIVAN

THE HAYS GROUP, INC.,

    Plaintiff,
v.

DEBORAH AICHELE,

    Defendant.
_____/

**JOINT PRETRIAL STIPULATION**

Pursuant to Local Rule 16.1(e) and as required by this Court's Scheduling Order dated September 12, 2018 (Dkt. No. 63), the parties hereby submit this Joint Pretrial Stipulation.

**1.     A short concise statement of the case by each party in the action.**

Plaintiff The Hays Group, Inc.'s Statement of the Case: This case involves misconduct committed by Defendant Deborah Aichele while she was employed by Plaintiff The Hays Group, Inc. ("Hays"), spanning from 2015 to Hays' discovery of her misdeeds in September 2017, resulting in her termination. Aichele created fictitious insurance policies, insurance proposals, and insurance certificates that purported to provide more insurance coverage for the insured clients' automobile dealerships than was actually provided by their applicable insurance carriers. Hays' clients and their lenders were misled by Aichele into believing that they had more insurance coverage than they had. Hays was misled by Aichele to believe that the insurance coverage that Aichele represented to clients was at all times the insurance coverage actually provided by the client's insurance carrier and consistent with the amount of premium charged for such coverage. Hays paid Aichele commissions based on the policies she sold, and Hays would not have permitted

Aichele to sell the relevant policies, let alone pay Aichele any commissions, had it been aware of her scheme to defraud. Further, Aichele would not have maintained that business but for her fraud. Aichele received tainted commissions due to her fraud in the amount of $186,579, which is subject to trebling. Further, the difference between the coverage amounts Aichele misrepresented to clients and what the clients actually had in coverage exceeds $950 million. As it was legally required to do, Hays purchased additional insurance for a number of the affected clients so they would have the coverage Aichele falsely promised, and which both the client and the lender thought the client had, costing The Hays Group $515,000.

<u>Defendant Deborah Aichele's Statement of the Case</u>: Plaintiff's sole claim against Ms. Aichele is for civil theft – a claim on which Plaintiff cannot and will not prevail because, as the record reflects, Ms. Aichele has not stolen anything from Hays, much less with the requisite felonious intent. Over the course of the last eighteen years, Ms. Aichele has developed a specialized expertise in selling insurance policies to automobile dealerships. Hays employed Ms. Aichele as an insurance agent from April 2009 through September 2017. Ms. Aichele's duties as an insurance agent at Hays included selling automobile dealerships insurance for dealer open lot coverage through various programs and insurance carriers. Ms. Aichele earned commissions on the dealer open lot policies she sold at Hays in accordance with her compensation plan, including the policies she sold to Clients A-Z, as referenced and identified in the Second Amended Complaint. In many instances, Ms. Aichele would accept a reduced commission to help her clients. The premiums Clients A-Z were charged, and from which Ms. Aichele received her commissions, were always commensurate with the amount of insurance coverage the Clients actually purchased and received. At all times, Ms. Aichele acted and sold automobile dealership policies in accordance with industry custom. Plaintiff, through this lawsuit, seeks only to destroy Ms. Aichele's

professional reputation, which, until now, has remained unblemished since she first became a licensed insurance agent in 1977.

    **2.    The basis of federal jurisdiction.**

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of diverse states and more than $75,000 is in controversy.

    **3.    The pleadings raising the issues.**

    a. Second Amended Complaint (Dkt. No. 36).

    b. Answer (Dkt. No. 43).

    **4.    A list of all undisposed motions or other matters requiring action by the Court.**

    a. Defendant's Motion for Summary Judgment (Dkt. 95).

    b. Defendant's Motion in Limine to Strike Plaintiff's Experts, or Alternatively, Motion in Limine to Exclude their Opinions Relating to Defendant's Mental State and Intentionality of Defendant's Actions (Dkt. 99).

    c. Defendant's Motion in Limine to Preclude Improper and Negative References, Documents, and Arguments Concerning Governmental Agencies' Investigations Relating to Defendant (Dkt. 100).

    **5.    A concise statement of uncontested facts which will require no proof at trial, with reservations, if any.**

    a. Hays is an insurance brokerage operation with more than 30 offices nationwide. It provides custom insurance solutions to commercial clients in many sectors, including aviation, automotive, hospitality, technology, and financial services, among others.

    b. Aichele was employed by Hays from 2009 to September 2017 as an insurance agent.

    c. Ms. Aichele's duties as an insurance agent at Hays included selling automobile dealerships insurance for dealer open lot coverage through various programs and insurance carriers.

    d. Ms. Aichele earned commissions on the dealer open lot policies she sold at Hays, including the policies she sold to Clients A-Z, as referenced and identified in the Second Amended Complaint.

    e. The premiums Clients A-Z were charged, and from which Ms. Aichele received her commissions, were commensurate with the amount of insurance coverage the Clients purchased and received.

    f. On January 9, 2017, Hays and Defendant executed a Confidentiality and Non-Solicitation Agreement.

    g. Hays terminated Ms. Aichele's employment in September 2017.

**6. A statement in reasonable details of issues of fact which remain to be litigated at trial.**

The issues before the Court on the merits include (1) whether Ms. Aichele improperly received commissions which she was not entitled to receive; (2) the damages, if any, caused by Aichele's activity; and (3) the appropriate remedies.

**7. A concise statement of issues of law on which there is agreement.**

Under Fla. Stat. § 772.11, any person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of §§ 812.012-812.037 or § 825.103(1) has a cause of action for threefold the actual damages sustained and, in any such

action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts. Before filing an action for damages under this section, the person claiming injury must make a written demand for $200 or the treble damage amount of the person liable for damages under this section.

Under Fla. Stat. § 812.014(1), a person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:

(a)   Deprive the other person of a right to the property or a benefit from the property.

(b)   Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.

Fla. Stat. § 812.012(3) defines "obtains or uses" as meaning any manner of:

(a)   Taking or exercising control over property.

(b)   Making any unauthorized use, disposition, or transfer of property.

(c)   Obtaining property by fraud, willful misrepresentation of a future act, or false promise.

(d)(1).   Conduct previously known as stealing; larceny; purloining; abstracting; embezzlement; misapplication; misappropriation; conversion; or obtaining money or property by false pretenses, fraud, or deception; or

(d)(2).   Other conduct similar in nature.

**8.   A concise statement of issues of law which remain for determination by the Court.**

Whether Fla. Stat. §§ 772.11 and 812 *et seq.* are applicable to the facts of the case.

5

**9.     Each of the party's numbered list of trial exhibits, other than impeachment exhibits, with objections, if any, to each exhibit, including the basis of all objections to each document, electronically stored information and thing. The exhibit list conforms with the format provided by Judge Ungaro.**

See attached Exhibits A and B.

**10.    Each party's numbered list of trial witnesses, with their addresses. The witness list conforms with the format provided by Judge Ungaro.**

See attached Exhibits A and B. Witnesses whose testimony is expected to be presented by means of a deposition are designated and related designations, cross-designations, and objections, as well as related documents, are attached as Exhibits C and D.

**11. Estimated trial time.**

The parties estimate the case will take three trial days.

**12.    Where attorney's fees may be awarded to the prevailing party, an estimate of each party as to the maximum amount properly allowable.**

Hays: Hays has incurred approximately $360,000 in attorneys' fees to date and anticipates additional attorneys' fees associated with motion practice and trial.

Aichele: Ms. Aichele has incurred approximately $271,000 in attorneys' fees to date and anticipates additional attorneys' fees associated with motion practice and trial.

| | |
|---|---|
| Dated: February 22, 2019 | Respectfully Submitted,<br><br>*/s/Gerald E. Greenberg*<br>GERALD E. GREENBERG<br>Florida Bar No. 440094<br>ggreenberg@gsgpa.com<br>DANIEL S. GELBER<br>Florida Bar No. 512877<br>dan@gsgpa.com<br>ADAM M. SCHACHTER<br>Florida Bar No. 647101<br>aschachter@gsgpa.com<br>MIKAYLA ESPINOSA<br>Florida Bar No. 1008227<br>mikaylaespinosa@gsgpa.com<br>GELBER SCHACHTER & GREENBERG, P.A.<br>1221 Brickell Avenue, Suite 2010<br>Miami, Florida 33131<br>Telephone: (305) 728-0950<br>Facsimile: (305) 728-0951<br>E-service: efilings@gsgpa.com<br><br>and<br><br>CHRISTOPHER W. MADEL *(pro hac vice)*<br>Minnesota Bar No. 230297<br>cmadel@madellaw.com<br>JENNIFER M. ROBBINS *(pro hac vice)*<br>Minnesota Bar No. 0387745<br>jrobbins@madellaw.com<br>CASSANDRA B. MERRICK *(pro hac vice)*<br>Minnesota Bar No. 396372<br>cmerrick@madellaw.com<br>STEPHEN M. PREMO *(pro hac vice)*<br>Minnesota Bar No. 393346<br>spremo@madellaw.com<br>MADEL PA<br>800 Pence Building<br>800 Hennepin Avenue<br>Minneapolis, MN  55403<br>Telephone: 612-605-0630<br>Fax: 612-326-9990<br><br>*Attorneys for Plaintiff The Hays Group, Inc.* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of February 2019 a true and correct copy of the foregoing is being electronically filed with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or pro se parties listed below, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

LEONARD K. SAMUELS
lsamuels@bergersingerman.com
CAITLIN M. TROWBRIDGE
ctrowbridge@bergersingerman.com
Berger Singerman LLP
350 East Las Olas Blvd., Suite 1000
Ft. Lauderdale, FL 33301
Tele: 954-525-9900
Fax: 954-523-2872
drt@bergersingerman.com
vbarthelemy@bergersingerman.com
mnewland@bergersingerman.com

*Attorneys for Defendant*

                                                 */s/Gerald E. Greenberg*
                                                 GERALD E. GREENBERG